Gaston, Judge.
 

 This was an action,of Ejectment. There was a verdict for the plaintiff, and a judgment accordingly, and the defendant appealed to this Court. Upon the trial of the cause, it was much controverted whether the dividing line between the lessor of the plaintiff and the defendant ran north sixty-four degrees east, or north sixty-one east. If the former were the true course,
 
 it was admitted that the
 
 plaintiff was entitled to a verdict. But if the latter were the true course, then the right of the plaintiff depended upon the fact whether the defendant, at the institution of the action, was in possession on the plaintiff’s side of the line. No objection. has been taken to the correctness of the instructions given to the jury in relation to the first question, but it is insisted that the instructions upon the second were erroneous.
 

 From the case stated, We collect the circumstances, bearing upon the question of possession, to be these: Several years before the institution of the suit, the defendant had possessed, as a part ofhis homestead, a certain building which is
 
 intersected
 
 by the line No. 61 east. It was a building with two apartments, one of which he had used as a cotton house, and the other as a corn-crib. There was a partition between the two rooms, and each had an external door. While the defendant was thus in possession, a Mr. Chambers purchased the land of the lessor of the plaintiff, but did not perfect his legal title thereto. The apartment called the corn-crib then actually contained the defendant’s corn, and was kept locked by him, but the other aparment was empty and the door unfastened. The defendant asked and obtained
 
 *295
 
 permission from Chambers to continue the possession of the crib, until the corn then in it should be all used. This was accordingly done,' and afterwards Chambers required of the defendant to remove the building unto the defendant’s side of the line. The defendant refused to do so, and some time afterwards the action was brought. The Judge’s instruction to the jury was, that if the crib was on the plaintiff’s side of the line, and the defendant, when the action was brought, kept the sam'e'locked Up,
 
 this
 
 was such a possession by him, as warranted the plaintiff’s action. In this instruction we do not see any error. The requisition on the defendant to remove the building unto
 
 his
 
 side of the line, was at once a manifestation that Chambers, then representing the lessor of the plaintiff, regarded it authe defendant’s building, and also a notification that possession by him over the line was no longer to be allowed.- If the defendant had refused upon the ground that he disclaimed ownership of the building or of that part of the building not within his own limits, the case we presume would have so stated. But a general refusal, accompanied by the subsequent exercise of dominion, can be reasonably regarded in no' other light than as claiming the building, and claiming that it should remain where it stood. One of the usual modes of manifesting occupation of a house, is by the keeping of its keys; and occupation under a claim of right is possession.
 

 We admit that the caséis not so distinctly stated, that we can be quite sure that we do not misunderstand some of its circumstances. In one part of it the entire building is called a crib, and- in other parts the designation is confined to the room wher-ein- corn was kept, and thereby some ambiguity is necessarily created. If by reason of this ambiguity, we have been led into any misapprehension, it is the misfortune Or fault of the appellant, whose duty it is to see the case so made out as distinctly to present the points upon which the judgment .below is sought to be reviewed.- Until we see error in the judgment we presume it right.- ■ The judgment of the Superior Court is affirmed with costs.-
 

 Per Curiam. Judgment accordingly.